IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JIM CLEVELAND WINDHAM                §
                                     §
          Petitioner,                §
                                     §
VS.                                  §
                                     §          NO. 3-09-CV-0158-K
NATHANIEL QUARTERMAN, Director       §
Texas Department of Criminal Justice,§
Correctional Institutions Division   §
                                     §
          Respondent.                §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Jim Cleveland Windham, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of robbery. Punishment, enhanced by two prior felony convictions, was assessed at 30 years confinement. His conviction and sentence were affirmed on direct appeal. *Windham v. State*, No. 05-07-00535-CR, 2008 WL 921487 (Tex. App.--Dallas, Apr. 7, 2008, no pet.).[1] Petitioner also challenged his conviction on state collateral review. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Windham*, No. WR-47,682-02 (Tex. Crim. App. Dec. 17, 2008). Petitioner then filed this action in federal district court.

---

[1] The state appeals court modified the judgment to reflect that robbery is a second degree felony, rather than a state jail felony. *Windham*, 2008 WL 921487 at *1.

II.

In four grounds for relief, petitioner contends that:  (1) the indictment was defective; (2) the

police acted outside their authority by charging him with a crime he did not commit; (3) he received

ineffective assistance of counsel; and (4) he is actually innocent.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  *See* Pub.L. 104-132, 110 Stat. 1214 (1996).  Where, as here,

a state court has already rejected the claims raised by petitioner, a federal court may grant habeas

relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24,

146 L.Ed.2d 389 (2000).  A state court decision is contrary to clearly established federal law if "it

relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches

a different conclusion than the Supreme Court on materially indistinguishable facts."  *Busby v.*

*Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct.

at 1519-20.  A decision constitutes an "unreasonable application" of clearly established federal law

if "the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 120 S.Ct. at 1523;

*see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  Factual determinations made by

state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

Petitioner first contends that the indictment was defective because it was based on a false police report. The sufficiency of an indictment is a matter of state law. *Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir.), *cert. denied*, 112 S.Ct. 252 (1991); *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980). A petitioner is not entitled to federal habeas relief unless the indictment is so defective that the state court lacks jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *cert. denied*, 115 S.Ct. 157 (1994); *Branch*, 631 F.2d at 1233. An indictment that sets forth the elements of the offense in language clear enough to enable the defendant to plead a bar in jeopardy does not raise a jurisdictional defect. *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985). Furthermore, federal courts may not consider the issue if the highest state appellate court has reviewed the indictment and concluded that jurisdiction is proper. *McKay*, 12 F.3d at 68; *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 1546 (1989).

Petitioner was charged with robbery, a second degree felony. Under Texas law, a person commits robbery if "in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Sharper v. Dretke*, No. 3-01-CV-1405-P, 2004 WL 1074068 at *13 (N.D. Tex. May 12, 2004), *rec. adopted*, 2004 WL 1348592 (N.D. Tex. Jun. 14, 2004), *quoting* TEX. PENAL CODE ANN. § 29.02(a) (Vernon 2003). The indictment alleges, in pertinent part, that petitioner:

> while in the course of committing theft and with intent to obtain and maintain control of the property of JUAN ROGUE [sic], hereinafter called complainant, the said property being A LAWNMOWER, A

> CHAINSAW, A WEEDEATER, A SAW AND AN AIR
> COMPRESSOR[,] without the effective consent of the said
> complainant and with intent to deprive the said complainant of said
> property, did then and there intentionally and knowingly threaten and
> place said complainant in fear of imminent bodily injury[.]

*Ex parte Windham*, WR-47,682-02, Tr. at 71.  Clearly, the indictment contains all the essential

elements of robbery.  Moreover, the state habeas court determined that the indictment "properly

charged the offense of [ ] robbery which vested the Court with jurisdiction." *Id.*, Tr. at 68, ¶ 2.  The

Texas Court of Criminal Appeals adopted this legal conclusion by denying post-conviction relief on

the findings of the trial court. *Id.*, Tr. at cover.  Because the issue was presented to the highest state

appellate court for review, federal habeas relief is not proper. *See Alexander*, 775 F.2d at 599 (state

court's refusal to grant habeas relief is tantamount to finding that indictment does not contain a

jurisdictional defect); *Andrews v. Dretke*, No. 3-04-CV-1699-L, 2004 WL 3048616 at *2 (N.D. Tex.

Nov. 23, 2004), *rec. adopted*, 2004 WL 3048638 (N.D. Tex. Dec. 30, 2004) (same).

## C.

Next, petitioner complains that the police acted outside their authority by charging him with

a crime he did not commit, thereby violating the "judicial process."  At issue are alleged

inconsistencies between the police report and a report prepared by paramedics.  According to

petitioner, the police report incorrectly states that he was lying on the ground in the complainant's

yard when, in fact, he was lying unconscious in the street until the paramedics arrived to treat him

for injuries sustained when he was severely beaten by the complainant.  (*See* Pet. Mem. Br. at 5).

Petitioner also contends that, contrary to the testimony of the police officer, none of the stolen items

were found in his possession or anywhere near him.  (*Id.*).  Instead of presenting the true facts of the

case to the jury, petitioner believes that the police officer, who is Hispanic, falsified his report to

protect the complainant, who also is Hispanic. (*Id.* at 8-9).

This claim fails for at least two reasons. First, neither the police report nor the report prepared by the paramedics are contained in the state court record. Without reviewing the contents of the two reports, the court is unable to determine if they are inconsistent. This failure of proof renders petitioner's claim wholly conclusory. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Second, the claim is not cognizable on federal habeas review. Petitioner does not identify, either explicitly or implicitly, the federal constitutional right allegedly violated by the police. To the extent petitioner accuses the police officer of testifying falsely at trial, he has not come close to establishing the requirements necessary to obtain habeas relief on this ground. *See Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994) (to establish a due process violation based on the use of perjured testimony, petitioner must prove that the testimony was false, the prosecutor knew it was false, and the evidence was material).

## D.

In one broad ground for relief, petitioner alleges that he received ineffective assistance of counsel when his attorney failed to object to his robbery conviction "without any evidence being introduced into the record at trial." (*See* Hab. Pet. at 7, ¶ 20(C)).[2] The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708,

---

[2] In his reply to respondent's answer, petitioner identifies nine other instances of ineffective assistance of counsel. (*See* Pet. Reply at 2-4). The court declines to consider claims raised for the first time in a reply. *See Duvall v. Dallas County*, No. 3-07-CV-0929-L, 2008 WL 4561563 at *5 (N.D. Tex. Oct. 10, 2008), *citing Spring Industries, Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). Even if the court were inclined to allow the claims, some of the claims appear to be unexhausted, and all are conclusory in nature.

1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonable professional conduct. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

As best the court can decipher this claim, petitioner appears to criticize his attorney for failing to investigate the facts of the case or the elements of robbery under Texas law. Had counsel performed an adequate investigation, petitioner contends that he would have discovered there was no evidence of theft or attempted theft of property, and no evidence that the complainant was placed in fear of imminent bodily injury. (*See* Pet. Mem. Br. at 7). At trial, Juan Roque, the complainant, testified that he woke up shortly after midnight on December 15, 2006, to the sound of barking dogs. (SF-III at 30-31). As Roque looked out a window to investigate the source of the disturbance, his son reported that he heard someone in the back of the house. (*Id.* at 32). Roque saw a man outside taking some of his property, including a lawnmower, a compressor, a tool box, and a chain saw. (*Id.* at 33-35). When Roque confronted the man in the driveway, the suspect dropped the items and "went straight towards me to knock me down." (*Id.* at 35-36). Roque testified that he was scared the suspect would hurt him and perhaps go into his home. (*Id.* at 36). At that point, Roque struck the suspect in the head with a stick. (*Id.* at 37). The suspect then grabbed Roque, and the two men struggled. (*Id.* at 37-38). During this fight, the suspect fell into a fence and grabbed a two-by-four piece of wood. (*Id.* at 38). Afraid that the suspect might hit him with the two-by-four, Roque, assisted by his wife, repeatedly hit the suspect until he let go of the wood. (*Id.* at 38-39). Eventually,

Roque and other members of his family subdued the suspect and called the police. (*Id.* at 39). Roque identified petitioner in open court as the man who tried to rob him. (*Id.* at 40).

Although petitioner alleges that his attorney failed to investigate the case, counsel rebutted that accusation in an affidavit submitted to the state habeas court. In his affidavit, Carl Hays stated that he "personally visited the crime scene and talked [to] any and all witnesses that were available and willing to talk to me." *Ex parte Windham*, WR-47,682-02, Tr. at 70. Hays went on to explain that he "vigorously crossed [sic] examined the state's witnesses" and presented the best defense available. *Id.* Indeed, the record shows that Hays cross-examined all four witnesses who testified for the state--Matthew Roque, Juan Roque, Elizabeth Roque, and Officer Mark Sanchez. (*See* SF-III at 17-27, 42-52, 67-70, 77-82). The state habeas court accepted the explanation offered by Hays, finding him to be trustworthy, and concluded that petitioner failed to prove that he received ineffective assistance of counsel. *Ex parte Windham*, WR-47,682-02, Tr. at 67-68, ¶¶ 1 & 7. The state court also found that "there was evidence to support the conviction in this case." *Id.*, Tr. at 67, ¶ 5. These findings are conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the state court findings.

## E.

Finally, petitioner contends that he is actually innocent. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390,

400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  There also must be evidence of an independent

constitutional violation in the state criminal proceeding.  *Id.* at 741.  Because petitioner has failed

to establish an underlying constitutional violation, he is not entitled to habeas relief on his actual

innocence claim.

## <u>RECOMMENDATION</u>

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party may file written objections to the recommendation within 10 days after

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

DATED:  July 10, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE